IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| KRISTY STEPHENS and <br> DON WILLIAMS, <br>    Plaintiffs, <br><br> v. <br><br> ALTON HOPKINS and C.C. JONES, INC., <br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) Docket No._____ <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Come now the Plaintiffs, Kristy Stephens, and Don Williams, by and through counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiffs, Kristy Stephens and Don Williams, are residents of the State of Tennessee, residing in Robertson County.

2. The Defendant Alton Hopkins resides at 5600 Index Lane, Lot 20, North Little Pulaski, Arkansas, 72117.

3. The Defendant C.C. Jones, Inc. is a foreign, for-profit company with its principal place of business at 3201 East Broadway, North Little Rock, AR 72114. Defendant C.C. Jones, Inc. can be served with process through its registered agent for service of process, Vicki Stephens, at 3201 East Broadway, North Little Rock, AR 72114.

4. This Complaint concerns an automobile collision occurring at the intersection of S. Cartwright Street and Long Hollow Pike, in Davidson County, Tennessee.

5. The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial. Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $150,000.00 for compensatory damages to the Plaintiff Kristy Stephens and $150,000.00 for compensatory damages to the Plaintiff Don Williams.

6. On or about April 22, 2021, the Defendant Alton Hopkins was traveling in Davidson County, Tennessee and operated a motor vehicle in a negligent or reckless manner so as to strike the vehicle containing the Plaintiffs, causing a collision which resulted in personal injuries to the Plaintiffs.

7. Since this collision, the Plaintiffs have received examination, evaluation, treatment, and therapy for injuries caused by the Defendants. Such injuries have greatly hindered the enjoyment of life of the Plaintiffs.

8. The Defendant Alton Hopkins had a duty to keep a proper lookout ahead, to drive at a reasonable and safe speed, to see all that came into the Defendant's line of sight, and to drive reasonably and carefully. At all times herein material, the Defendant was guilty of the following acts of common law negligence, which acts or omissions were the direct and proximate cause of the damages and injuries sustained by the Plaintiffs:

    a) Operating a vehicle at a speed too great for the circumstances then and there existing.

    b) Failing to maintain a proper lookout ahead.

    c) Carelessly operating a vehicle in a manner which caused it to strike the vehicle containing the Plaintiffs.

    d)    Failing to take evasive action by applying the brakes or otherwise steering the vehicle in order to avoid a collision once that collision was imminent.

9. In addition to the aforementioned acts of negligence, the Defendant Alton Hopkins was negligent per se in that he drove a vehicle with such a willful, reckless, and wanton disregard to the safety of the Plaintiffs so as to constitute reckless driving in violation of Tenn. Code Ann. § 55-10-205. Furthermore, the Defendant was negligent per se in violating the following statutory provisions:

    (a)    Tenn. Code Ann. § 55-8-115 Failure to drive on right side of the roadway.

    (b)    Tenn. Code Ann. § 55-8-123 Failure to keep in proper lane.

    (c)    Tenn. Code Ann. § 55-8-119 55-8-136 Failure to use Due Care.

    (d)    Tenn. Code Ann. § 55-8-199 Use of handheld mobile telephone while driving.

10. At the time of the collision, which is the subject of this Complaint, Defendant Alton Hopkins was driving a vehicle owned by Defendant C.C. Jones, Inc.

11. At the time of the collision, which is the subject of this Complaint, Defendant C.C. Jones, Inc. had given Defendant Alton Hopkins permission to drive the vehicle.

12. Upon information and belief, Defendant C.C. Jones, Inc. was negligent in that it knew or should have known that the decision to allow Defendant Alton Hopkins to operate Defendant C. C. Jones, Inc.'s vehicle created a foreseeable danger to third parties. Said negligence was a substantial and proximate cause of the injuries and damages suffered by the Plaintiffs.

13. At the time of this collision, Defendant Alton Hopkins was operating the vehicle within the course and scope of his employment with Defendant C.C. Jones, Inc. and with its permission. As such, the negligence of Alton Hopkins is imputed to Defendant C.C. Jones, Inc. pursuant to the doctrines of vicarious liability, respondeat superior, negligent entrustment, and/or the principles of agency. Defendant C.C. Jones, Inc. is further responsible pursuant to Tenn. Code Ann. §§ 55-10-311 (prima facie evidence of ownership of automobile and use in owner's business) and 55-10-312 (registration prima facie evidence of ownership and that operation was for owner's benefit).

14. The Plaintiffs allege that as a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiffs suffered and continue to suffer injuries and damages as follows: pain and suffering, future pain and suffering, medical expenses, future medical expenses, loss of income and future earning capacity, permanent impairment, disfigurement, and loss of enjoyment of certain employment, social and recreational activities.

15. Pursuant to Tenn. Code Ann. § 24-5-113, the Plaintiffs aver that reasonable and necessary medical expenses have been incurred as a result of the Defendants' negligence, negligence per se, or recklessness. Pursuant to statute, an itemization of reasonable and necessary medical expenses and copies of Plaintiffs' medical bills are attached to this Complaint as Exhibit A.

16. As a result of the injuries suffered and damages incurred by the Plaintiffs, the Defendants are liable to the Plaintiffs for the aforementioned losses.

## PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Civil Procedure.

2. That the Plaintiffs be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed the amount stated in Paragraph 5 of this Complaint.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

Brian Dunigan, BPR #020735
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776